DAUKSCH, Judge.
Appellant, Junior Guy, appeals a sentence.
Appellant was charged with and convicted of trafficking in cocaine. The trial court adjudicated him guilty and sentenced him as an habitual violent felony offender for the offense, a first degree felony, to a term of life with a mandatory minimum of fifteen years.
Appellant contends on appeal that the trial court erred by sentencing him as an habitual violent felony offender because it acted under the misconception that it was required to do so if he met the statutory requirements for being sentenced as such. Appellant relies upon Burdick v. State, 594 So.2d 267 (Fla. 1992) in which the supreme court held that sentencing under sections 775.084(4)(a) and (b), Florida Statutes (1993) [habitual felony offender and habitual violent felony offenders] is permissive rather than mandatory.
Appellant’s point has merit. Section 775.084(4)(b)l., the statute under which he was sentenced, reads as follows:
775.084 Habitual felony offenders and habitual violent felony offenders; extended *1086 terms; definitions; procedure; penalties.—
[4](b) The court, in conformity with the procedure established in subsection (3) [whereby court determines whether defendant is as an habitual violent felony offender], may sentence the habitual violent felony offender as follows: [emphasis supplied]
1. In the case of a felony of the first degree, for life, and such offender shall not be eligible for release for 15 years.
The supreme court’s holding in Burdick that sentencing under the above statutory provision is permissive rather than mandatory means that the trial court is obligated to declare a defendant to be an habitual felony or violent felony offender where the statutory criteria are met. Pierre v. State, 619 So.2d 26 (Fla. 4th DCA 1993). Sentencing under the statute is, however, discretionary. Id. Thus, the trial court in this case had the discretion to impose any sentence up to life imprisonment for appellant’s commission of the first degree felony. See Adams v. State, 617 So.2d 474 (Fla. 4th DCA 1993).
The trial court’s comments at the sentencing hearing show that the court was initially concerned as to whether appellant qualified as an habitual violent felony offender. Once the court satisfied itself that he indeed qualified, the court, in a single statement, erroneously concluded that it was required to sentence him for his commission of the first degree felony to a term of life with a mandatory minimum of fifteen years:
There has been — the requirements have been met as far as the prior convictions for violent habitual felony offender that have been stipulated that these are Mr. Guy’s. The court must fashion a sentence that is within the contemplation of the sentencing statute. And at least so far I have some difficulty finding why Mr. Guy should not be sentenced pursuant to the statutory provision.
He has got the prerequisite violent prior felonies. The current offenses are first degree felonies. He committed a similar type of crime of — at least is charged with similar type crimes while pending these cases. Whether or not I agree with the wisdom of the provisions, I’m not sure if that is the current standard.
The question is whether or not he appears to qualify and if there is any reason that he should not qualify under the provisions that have been supplied to the court. And if it appears that he has — there is no reason for the court not to sentence him pursuant to these provisions.
So at this time I will sentence him pursuant to the violent felony offender provision which requires me on a felony of the first degree to sentence him for a term of life with a mandatory minimum of fifteen years. The question I have, does that take it out of the mandatory fine? [emphasis supplied].
The trial court’s reasoning is inconsistent with the supreme court’s interpretation of the sentencing provisions of the habitual offender statute. Because the trial court failed to realize that sentencing under section 775.-084(4)(b)l. is discretionary, appellant’s sentence is reversed and remanded for resen-tencing consistent with the supreme court’s decision in Burdick.
SENTENCE VACATED and REMANDED for resentencing.
COBB and W. SHARP, JJ., concur.